## MUTUAL ARBITRATION AGREEMENT

This Mutual Arbitration Agreement ("Agreement") is entered into between Radial Holdings, L.P., and the employee named below ("Employee"), in consideration of Employee's employment or continued employment with Radial Holdings, L.P. or one of its affiliates or subsidiaries (collectively "Employer").

1. The parties to this Agreement agree to arbitrate any and all disputes, demands, claims, or controversies (collectively, "claim" or "claims") they may have against each other (including their current and former parents, affiliates, subsidiaries, agents, owners, officers, directors, or employees),which arise from or relate to this Agreement, any other agreement between Employee and Employer, the employment relationship between Employee and Employer, or services provided to Employer whether as an employee, consultant or otherwise, including without limitation the recruitment, formation and termination thereof, whether the claims arise in law or equity, in tort, contract, or pursuant to statute, regulation or ordinance, under local, state or federal law now in existence or which may in the future be enacted or recognized. The claims covered by this Agreement encompass all disputes between Employee and Employer, including, but not limited to, claims under Title VII of the Civil Rights Act, as amended; the Civil Rights Act of 1991; the Older Workers' Benefit Protection Act; the Family and Medical Leave Act; the Age Discrimination in Employment Act, as amended; the Americans with Disabilities Act, 42 U.S.C. section 1981; the Fair Labor Standards Act; and the law of the state where Employee works or worked at the time the arbitrable claim arose. The only claims not covered by this Agreement are claims for workers' compensation benefits to remedy work-related injury or illness, claims for unemployment compensation benefits, claims for state or federal disability insurance, and any other claim required by law to be resolved in a forum other than arbitration, which claims shall be resolved in the appropriate forum as required by the laws then in effect.

2. Employer and Employee understand and agree that the arbitration of the claims covered by this Agreement shall be the sole and exclusive method of resolving any and all existing and future claims as described in the preceding paragraph. However, nothing in this Agreement shall be interpreted as restricting or precluding Employee from filing a charge with, or from participating in an administrative investigation of a charge before, any appropriate government agency; provided that any claim that is covered by this Agreement shall be resolved in arbitration to the fullest extent permitted by the laws then in effect.

3. The parties understand and agree that the arbitration shall be conducted by a neutral arbitrator in accordance with the then applicable rules issued by the American Arbitration Association ("AAA"), provided, however, that the arbitrator shall allow the discovery authorized by the Federal Rules of Civil Procedure or any other discovery required by law in arbitration proceedings. A copy of the current AAA Rules can be found at www.adr.org and a printed copy will be provided to Employee upon request. To the extent that any of the rules issued by the AAA or anything in this Agreement conflict with any arbitration procedures required by applicable law, the arbitration procedures required by applicable law shall govern. Either party may file pre-hearing motions directed at the legal sufficiency of a claim or defense equivalent to a motion to dismiss or motion for summary judgment or summary adjudication prior to the arbitration hearing, and the arbitrator shall apply the standards governing such motions under applicable law.

EXHIBIT 2

4. Employer and Employee understand and agree that the decision or award of the arbitrator shall be final and binding upon the parties. The arbitrator shall issue a written decision and award that sets forth the essential findings and conclusions on which the award is based. The arbitrator shall have the authority to determine if an issue or claim is subject to this arbitration obligation, and to award any legal or equitable relief authorized by law in connection with the asserted claim. Employee has the right to an attorney but is not required to retain an attorney. If the arbitrator determines that Employer has violated Section 206 or Section 207 of The Fair Labor Standards Act of 1938, as amended, Employer shall be liable to Employee in the amount of Employee's unpaid minimum wages, unpaid straight time wages, or unpaid overtime compensation, as the case may be, plus an additional equal amount as liquidated damages as well as an award of attorney's fees and costs to the same extent as available under law, and Employee shall retain all other legal and equitable rights provided by that statute. In the event that there are findings of fact and conclusions of law in an arbitration in which it is determined that Employer violated Section 206 or Section 207 of The Fair Labor Standards Act of 1938, similarly situated employees may request that AAA use the same arbitrator in their individual arbitration who rendered the findings of fact and conclusions of law and Employer will not object to the introduction into evidence in their individual arbitration of such findings of fact and conclusions of law.

5. The arbitrator's award shall be subject to correction, confirmation or vacation, to the extent provided by the then applicable AAA rules and applicable law setting forth the standard of judicial review of arbitration awards. If necessary for enforcement, any awards or orders by the arbitrator may be entered and enforced as judgments in the federal and state courts of any competent jurisdiction. Employer and Employee agree that nothing in this agreement is intended to prevent either Employer or Employee from obtaining injunctive relief in court to prevent irreparable harm pending the conclusion of any such arbitration.

6. The parties agree to file any demand for arbitration within applicable statutes of limitations for the asserted claims. Failure to demand arbitration within this prescribed time period shall bar the claims as provided by law.

7. The arbitration shall be conducted at a mutually agreeable location in the state in which Employee resided at the time the arbitrable claim arose. The parties understand and agree that Employer will bear all AAA arbitration fees and administrative costs in excess of the amount of administrative fees and costs that Employee otherwise would have been required to pay if the claims were litigated in court. The arbitrator will not have authority to award attorneys' fees unless a statute or contract at issue in the claim authorizes the award of attorneys' fees to the prevailing party, in which case the arbitrator shall have the authority to make an award of attorneys' fees as required or permitted by applicable law. If there is a dispute as to whether or to what extent Employer or Employee is the prevailing party in the arbitration, the arbitrator will decide this issue.

8. If Employee has any questions about this Agreement, Employee should contact a member of Employer's Human Resources department. In addition, Employer and Employee understand and agree that the arbitration of claims subject to this Agreement shall be instead of a trial before a court or jury or an administrative proceeding. **BY SIGNING THIS AGREEMENT, THE PARTIES AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL**

EXHIBIT 2

CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS AND/OR COLLECTIVE PROCEEDING ("Class Action Waiver").

9. Disputes regarding the validity or enforceability of the Class Action Waiver, if permitted, may only be resolved by a court of competent jurisdiction, which resolution shall be filed under seal until all appeals, if any, are exhausted, and not by the arbitrator. All other disputes are to be resolved by the arbitrator including, but not limited to, the interpretation, applicability, enforceability or formation of this Agreement, or any claim that all or any part of this Agreement is void or voidable.

10. FURTHERMORE, BY SIGNING THIS AGREEMENT, THE PARTIES AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITY AND NOT IN ANY REPRESENTATIVE PROCEEDING UNDER ANY PRIVATE ATTORNEY GENERAL STATUTE ("PAGA CLAIM"), UNLESS APPLICABLE LAW REQUIRES OTHERWISE. IF THE PRECEDING SENTENCE IS DETERMINED TO BE UNENFORCEABLE, THEN THE PAGA CLAIM SHALL BE LITIGATED IN A CIVIL COURT OF COMPETENT JURISDICTION AND ALL REMAINING CLAIMS WILL PROCEED IN ARBITRATION.

11. Neither the terms nor the conditions described in this Agreement are intended to create a contract of employment for a specific duration of time or to limit the circumstances under which the parties' employment relationship may be terminated. Employee is free to resign at any time. Similarly, Employer may terminate the employment relationship without cause or advance notice at any time.

12. Employer and Employee understand and agree that this Agreement and its validity, construction and performance, as well as claims arising under or subject to arbitration under this Agreement, shall be governed by the laws of the State where Employee primarily works or worked at the time the arbitrable claim arose, or federal law, if applicable.

13. The parties further understand and agree that this Agreement contains the complete agreement between Employer and Employee regarding the subjects covered in it and that it supersedes any and all prior representations and agreements between the parties, whether written or oral. The terms of this Agreement can be modified only by a written document signed by Employer's Chief Human Resources Officer and Employee. The provisions of this Agreement shall survive any termination of Employee's employment with Employer. The parties understand and agree that if any term or portion of this Agreement shall, for any reason, be held to be invalid or unenforceable, then the remainder of this Agreement shall not be affected and the invalid or unenforceable provision will be deemed modified so that it is valid and enforceable to the maximum extent permitted by law.

14. Employer and Employee understand and agree that they have been advised to consult with an attorney of their own choosing before signing this Agreement, and that they have had an opportunity to do so. The parties further agree that they have read this Agreement carefully and understand that, except as provided in paragraph 2 above, by signing the Agreement, they are **WAIVING ANY RIGHT TO A TRIAL OR HEARING BEFORE A COURT OR JURY OR BY ADMINISTRATIVE PROCEEDING OF ANY AND ALL DISPUTES AND CLAIMS SUBJECT TO ARBITRATION UNDER THIS AGREEMENT AND ANY RIGHT TO BRING A CLASS OR COLLECTIVE ACTION OR TO BE A MEMBER OF A CLASS OR COLLECTIVE ACTION.**

EXHIBIT 2

Date: Aug 25, 2017

Print Name: Brandon Hendrix

Signature: *Brandon Hendrix*
Brandon Hendrix (Aug 25, 2017)

**Radial Holdings, L.P.**

By: _____
Paul Cataldo
Chief Administrative Officer

EXHIBIT 2